Whenever you're ready, Counsel. Good morning, Your Honors. Matt Campbell from the Federal Defenders of Eastern Washington and Idaho on behalf of Mr. Ramirez-Macias, and I'm going to try to reserve three minutes for rebuttal. The fundamental issue in this case is whether California Health and Safety Code Section 11352 is a divisible statute. And it is our position that it is not, that it is indivisible, and that thus under DECAMP the modified categorical approach does not apply. And the primary reason why we take that position, and where we believe the district court erred, is in interpreting means as alternative elements. And it is, in effect, our position that in order for something to be an element, the statute must, in essence, present a court or a jury with a multiple choice as opposed to what I would call a true-false type of question. I'm mindful of this Court's order regarding the recently decided Coronado case, and I thought I would address that at the outset. And it is our position that that case does not dictate a different result here for several reasons. First, it involves a different statute. But it's structured the same way, isn't it? It is structured similarly, Your Honor. Candidly, I would agree with that. Well, and the reason I'm not trying to split hairs, but this is pretty ticklish when we talk about the means of committing an offense, the alternate means and so forth, in order to figure out whether it's divisible. So whatever help you can give me on that score, I'll appreciate. But I didn't mean to interrupt you. I understand your first point. Where I would, just in addressing Coronado, and then I'll get to the meat of Your Honor's point, I think, secondly, we're raising an issue that either was either not raised or, and I say this with all due respect, was not raised well in Coronado. And I'd point to footnote 4 of the Coronado decision, where it talks about efforts that may or may not have been made to argue that specific drug is an element or is not an element. And footnote 4 simply says that appellant did not really cite any case law that would support the idea that the specific drugs are not elements or are elements. And we have provided significant citations, primarily Romero, Ross, but I've listed many California cases that simply say that a specific drug is not an element of the offense. And I think we need to look at DeCamp, where DeCamp says that elements are things that are necessary to find in order to convict of an offense. And that is primarily the difference between means and between elements. Here. So in, under this statute, a defendant could be convicted without reference to the type of drug involved? That's correct, Your Honor. Clearly, they could. And that, from your position, is the problem? Yes. Stated alternatively, well, there are cases, and we've cited those in our briefs, where the information, the charging document, simply was silent on that point. It simply said, possessed a controlled substance. And California courts have said that is not an issue. Certainly, it would not be a defense under California law, for example, if someone is charged with possession of cocaine, to argue, no, it wasn't cocaine. In fact, it was methamphetamine or any various combination. So the idea that simply because there's a list, that necessarily creates alternative elements, is not accurate under California law. What about the other list? So setting aside Coronado, because that is a different statute, there's a list, if you will, of schedule, of different types of substances, but there's also what I think of as a list of verbs. And so do we have to look there as well? Possessing, distributing, so forth. Certainly, there are verbs in the statute that would not qualify under the Controlled Substance Act. What about that? I think that would be a necessary component in all candor. I believe it's the abstract of judgment, does list sale of cocaine as the offense in this case. Other documents list... Well, if you get to modified categorical approach, you'd look at those documents. Unfortunately, from my perspective, under Ninth Circuit precedent, correct. But what about deciding as you go back up the decision tree, if you will, the issue in this case is, is the statute divisible? That is correct. And the primary position that we are advocating is that simply listing a bunch of different drugs does not render, as the district court appeared to assume, each one of those drugs to be an alternative element. Right. But if you look not at the drugs, but if you look at the string of verbs, do we have to do a separate analysis there to see whether or not the statute is a categorical match, and if not, whether it's divisible? Yes. And have you done that? Do you have a position on that for me? Your Honor, again, I think that the abstract of judgment under Ninth Circuit law would seem to indicate that this was for sale of cocaine. So that presupposes, if I'm understanding your argument, Counsel, that you think if I look at the list of verbs that I would find that it is apparently overly broad, or at least not a match, and that it's divisible, and that you would concede then that we would get to modified categorical and the verb at issue would satisfy the Controlled Substances Act? Is that what you're telling me? I think I would be hard-pressed to say that the separate listing of verbs is not divisible. Thank you. I didn't mean to throw you off your argument. I want to make sure I understand it. That's fine. So I appreciate the clarification. I think, again, under existing precedent, I'd be hard-pressed to say otherwise. All right. But in any event, what I was trying to say is that under the cases that we have cited, it simply is not necessary for a particular controlled substance to be proven. If it is not necessary under Descamps, it is not an element of the offense, since it need not ever be proven. And as I said, the cases you don't need to either put it in the complaint, the information. A jury would not be able to defend on the grounds that it was a different controlled substance. Therefore, it is not an element as such. Since it is not necessary, one could not have any fatal variances. One would not necessarily have a due process claim and the like. Without that type of issue, it is not a divisible statute, even though we have a list. And I think that's fundamentally where the district court simply assumed, if you have a list, it equals alternative elements, and we have 108 or whatever it would be separate crimes. That is not the case. Unless the court has additional questions, I'll reserve. Judge? Judge Noonan, do you have any questions? Thank you. I don't. All right. Your Honors, Pamela Byerly on behalf of the United States in this matter. And it is the government's position that the Section 11352 is a divisible statute, based on a number of reasons. The first is the plain language of the statute, and that the drug type here, our position is it is an element of the statute. There is a specified list of controlled substances, as there was in the Coronado case. There are five distinctive drugs, five groups. They're listed in the disjunctive. Those set out various elements of an offense. That is the government's position. The district court judge, Judge Quackenbush, in this case, needed to determine if the defendant had been convicted of every element of a generic crime. He looked at several crimes that had been charged in the alternative, that would be those various drugs, and had to choose one of those. It is the government's contention that the defendant did fall within the sale of cocaine. That was one of those that is not. There are all those various offenses. This is the one he found. I also point the court to the model jury instructions that do leave a blank space, as Judge Quackenbush pointed out, for the type of drug to convict, as well as the way that the crime was convicted. If there are no other questions from the court, I have nothing else to add. I have no questions. Thank you.  Thank you. Thank you. I'll rebut briefly and then stand open to any other questions. I did want to address the issue of the jury instructions, which the government had cited, and actually I believe had been cited in one portion of Coronado. While I understand that there is a space that one could list the jury instructions, there doesn't seem to be any indication that if, for example, it was put at issue during a jury trial, which substance something was, that we might not list one or more substances. Again, if a defendant were to be foolish enough to try to defend against a cocaine charge on the basis that it was actually methamphetamine, I think that defendant could simply expect to have written into the jury instructions the notation that methamphetamine would also qualify. So I think simply to list the jury instructions as a basis in law would be inaccurate. I don't really think I have anything else to rebut, so unless the court has any other questions, I'd submit. Thank you for your argument, counsel. Thank you. We'll submit that case and move on to our final argument of the day.
judges: NOONAN, HAWKINS, CHRISTEN